762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
MAUMBA MARTIN LUTHER KABONGO, DEFENDANT-APPELLANT.
 NO. 84-3926
 United States Court of Appeals, Sixth Circuit.
 4/26/85
 
 On Appeal from the United States District Court for the Southern District of Ohio
 Before: LIVELY and KEITH, Circuit Judges, and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from convictions on two changes of falsely claiming to be a United States citizen on 1983 and 1984 Guaranteed Student Loan applications, in violation of 18 U.S.C. Sec. 1001, and on one charge of receiving funds by false statement, in violation of 20 U.S.C. Sec. 1097(a).
 
 
 2
 Appellant, a citizen of Zaire, falsely claimed to be a United States citizen on a 1983 application for a guaranteed student loan in order to receive a federally insured student loan. He received a check for $4,625. In 1984 appellant again applied for a student loan, falsely claiming to be a United States citizen. He was arrested when he went to the bank to claim what he thought would be the check for his second loan.
 
 
 3
 In order to qualify for the loan program, a student must be enrolled in a participating school on at least a half-time basis and be a United States citizen, national, or a permanent resident. See 34 C.F.R. Sec. 682.201(a)(2) (1984). A citizen of another country who is in the United States on a student visa would not be eligible for a Guaranteed Student Loan, nor would an individual who was not a United States citizen or national qualify for a Guaranteed Student Loan to attend school outside the United States.
 
 
 4
 Appellant argues that the evidence was insufficient to support his convictions on two grounds. First, he contends that the government failed to prove all elements of 18 U.S.C. Sec. 1001 and, in the alternative, that irregularities in the conviction violate his rights to due process. In reviewing the sufficiency of evidence this Court must sustain the jury verdict where, viewing the evidence in the light most favorable to the government, there is substantial evidence to support the verdict. U.S. v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982). Viewing the evidence in this light there is evidence to support the guilty verdict. Kabongo admitted at trial that he submitted the two student loan applications, that he received the $4,625 check as the proceeds of the first loan, that he was a citizen of the Republic of Zaire, and that he was not a United States citizen. Appellant also admitted writing a letter dated August 3, 1983, in which he acknowledged that he had lied to obtain the first loan. The evidence was sufficient to prove that Kabongo was not confused when he falsely claimed United States citizenship in order to receive a loan to which he knew he was not entitled. Accordingly, the convictions are supported by substantial evidence, and in our view the jury's verdict may not be set aside.
 
 
 5
 Appellant also contends that the statement in box 15(a): 'U.S. Citizen, National, or other related status' was so vague that it could not form the basis of a Section 1001 offense. Specifically, appellant argues that the phrase 'other related status' is so imprecise and overboard that it is factually impossible for his act of checking box 15(a) to be construed as making a false statement. We do not agree. Kabongo never claimed to be qualified for a student loan on the basis that he was coverd by the term 'other related status', nor did appellant ever claim to be confused by the form.
 
 
 6
 The evidence was adequate to support a finding that Kabongo knew he was not entitled to a Guaranteed Student Loan when he submitted his first application. He wrote to his co-signer and told him that he had lied in order to obtain the loan:
 
 
 7
 The loan I got from Provident Bank is called Guaranteed Student Loan. It is a federal government loan. The terms of the loan are to be paid by monthly payments starting seven months after graduation from the Graduate Program, and having gotten the job in the field of study. So this is the loan that most American students get. Since I have lied. Please keep it to yourself. Don't worry about them coming to get you right away. It will be a while. Anyway, they only approved $2,500 as the guaranteed loan.
 
 
 8
 Jt. App. at 322. Kabongo knew that he was not eligible for the loan, and admitted that he lied in order to obtain the loan. He continued to lie to his co-signer about the amount of the loan. The evidence clearly establishes appellant's violations of 18 U.S.C. Sec. 1001.
 
 
 9
 Appellant argues that the district court erred in refusing to instruct the jury that character evidence alone can create reasonable doubt and in charging the jury that good character is no excuse for crime. Appellant requested the district court to 'consider character evidence together with and in the same manner as all other evidence in the case'. The law in this Circuit is well-settled that a court is not required to instruct the jury that good character alone might be sufficient to acquit the defendant. Poliafico v. U.S., 237 F.2d 7, 114 (6th Cir. 1956), cert. denied, 352 U.S. 1025 (1957).
 
 
 10
 The district court correctly charged the jury as follows regarding character testimony:
 
 
 11
 The defendant has offered evidence to show his reputation in the community in which he lives for truth and veracity. Evidence of this nature is admitted because one who has a good reputation may be less likely to commit a crime than one who lacks such reputation. However good character or good reputation is not an excuse for a crime.
 
 
 12
 In determinng the guilt or innocence of the defendant you may consider the testimony of his reputation and give it such weight as you determine it should receive in connection with all the other evidence.
 
 
 13
 Jt. App. at 276. This instruction on character testimony comes almost verbatim from 4 Ohio Jury Instructions Sec. 411.05 (1984) and correctly states the law in the Sixth Circuit.
 
 
 14
 Accordingly, for the above stated reasons, the ruling of the Honorable David S. Porter is hereby affirmed.